**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

APRIL HARRIER, an individual,

        Plaintiff,

vs.                                             Case No. 3:15-cv-590-J-34JBT

BAYER HEALTHCARE
PHARMACEUTICALS, INC.; BAYER OY;
BAYER PHARMA AG and DOES 1
through 100, Inclusive,

        Defendants.

_____/

## ORDER

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking"). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

On May 12, 2015, Plaintiff filed her Complaint (Doc. 1) asserting that the Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. See Complaint at 6. Specifically, Plaintiff alleges that Defendant Bayer Healthcare Pharmaceuticals, Inc. is "a corporation organized and existing under the laws of the State of Delaware, having a principal place of business" in New Jersey. Id. at 3. Plaintiff further alleges that Defendants Bayer Oy and Bayer Pharma AG are "foreign entity defendants" and later identifies them as "foreign corporations." Id. at 3-4, 6. As to her own citizenship, Plaintiff states that she is a "resident citizen of Florida." Id. at 2. Plaintiff does not make any allegations with respect to the citizenship of Does 1 through 100, but alleges that their "true names, and/or capacities, whether individual, corporate, associate or otherwise" are unknown to Plaintiff. Id. at 4. Although Plaintiff adequately alleges her own citizenship and that of Defendant Bayer Healthcare Pharmaceuticals, Inc., she fails to properly identify the citizenship of Defendants Bayer Oy and Bayer Pharma AG, as well as the citizenship of the Doe Defendants. See generally id.

For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412. Relevant to this action, for the purposes of establishing diversity jurisdiction, a corporation "'shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" Hertz Corp. v. Friend, 559 U.S. 77, 81 (2010) (quoting 28 U.S.C. § 1332(c)(1)) (emphasis omitted). This rule applies to foreign corporations as well. See Williams v. Mast Biosurgery USA, Inc., No. 7:08-cv-114, 2008 WL 4185992, at *2 (M.D. Ga. Sept. 5, 2008) ("Section 1332(c)(1)'s definition of citizenship also applies to foreign

corporations."); see also 28 U.S.C. § 1332(c)(1). Here, Plaintiff alleges that Bayer Oy and Bayer Pharma AG are "foreign corporations" but fails to identify their states of incorporation or principal place of business. Accordingly, the Court is unable to discern the citizenship of these Defendants. Moreover, Plaintiff has not made any allegations with respect to the citizenship of Does 1-100.[1] Thus, Plaintiff has failed to allege sufficient facts for this Court to determine whether it has jurisdiction over the instant action.

In addition, upon further review, the Court finds that the Complaint constitutes an impermissible "shotgun pleading." A shotgun complaint "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts . . . contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to a particular cause of action asserted. See id. Here, each count in the nine-count Complaint incorporates by reference all allegations of the preceding counts. See generally Complaint.

In the Eleventh Circuit, shotgun pleadings of this sort are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph County, 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases). As the Court in Cramer

---

[1] In redrafting her Complaint, Plaintiff should consider whether the presence of fictitious defendants precludes the existence of diversity jurisdiction. See McAllister v. Henderson, 698 F. Supp. 865, 868-70 (N.D. Ala. 1988); see also Howell v. Tribune Entm't Co., 106 F.3d 215, 218 (7th Cir. 1997) ("[B]ecause the existence of diversity jurisdiction cannot be determined without knowledge of every defendant's place of citizenship, 'John Doe' defendants are not permitted in federal diversity suits.").

recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendant, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263.  When faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force the plaintiff to replead to the extent possible under Rule 11, Federal Rules of Civil Procedure.  See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006) ("When faced with a shotgun pleading, the trial court, whether or not requested to do so by a party's adversary, ought to require the party to file a repleader.")  (citing Byrne v. Nezhat, 261 F.3d 1075, 1133 (11th Cir. 2001), abrogated on other grounds as recognized by Douglas Asphalt Co. v. QORE, Inc., 657 F.3d 1146, 1151 (11th Cir. 2011)).

In light of the foregoing, the Court will give Plaintiff an opportunity to file an amended complaint which properly establishes diversity of citizenship between the parties such that this Court has jurisdiction over this action,[2] and corrects the shotgun nature of the Complaint.

Accordingly, it is **ORDERED**:

1. Plaintiff's Complaint (Doc. 1) is **STRICKEN**.

---

[2] The party seeking to invoke the Court's diversity jurisdiction bears the burden of establishing by a preponderance of the evidence that the jurisdictional prerequisites are met.  See McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002); see also Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994) (noting that the "pleader must affirmatively allege facts demonstrating the existence of jurisdiction").

2. Plaintiff shall file an amended complaint curing the shotgun nature of the Complaint and curing the jurisdictional deficiencies on or before **June 12, 2015**. Failure to do so may result in a dismissal of this action.

3. Defendants shall respond to any amended complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** at Jacksonville Florida, this 15th day of May, 2015.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record